UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICRON TECHNOLOGY, INC., a Delaware corporation; and MICRON SEMICONDUCTOR PRODUCTS, INC., an Idaho corporation,<br><br>Plaintiffs,<br><br>v.<br><br>NETLIST, INC., a Delaware corporation,<br><br>Defendant. | Case No. 1:24-cv-00081-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Defendant Netlist, Inc.'s ("Netlist") Motion to Stay Remand Order Pending Appeal (hereinafter "Motion"). Dkt. 26. Plaintiffs Micron Technology, Inc., and Micron Semiconductor Products, Inc. (together, "Micron"), opposed the Motion (Dkt. 28) and Netlist replied (Dkt. 29).

Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds the decisional process would not be significantly aided by oral argument, the Court will decide the Motion on the record and without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

As explained below, the Court lacks jurisdiction to grant Netlist the relief it requests; the Motion is accordingly denied.

## II. BACKGROUND

The factual and procedural background of this case are set forth in the Court's prior Memorandum Decision and Order (Dkt. 23) granting Micron's Motion to Remand this case to Idaho state court (hereinafter "Remand Order"), is incorporated by reference, and will not be repeated in any detail.

In brief, this case arises from Netlist's purportedly bad faith assertion of two patents against Micron in alleged violation of the Idaho Bad Faith Assertions of Patent Infringement Act, Idaho Code § 48-1701 et seq. (the "Bad-Faith Statute"). When Micron filed suit in Idaho state court against Netlist for violation of the Bad-Faith Statute, Netlist removed the case to this Court. Micron thereafter moved to remand, arguing this Court lacked subject matter jurisdiction because the case did not arise under federal patent law. The Court agreed, and on August 13, 2024, remanded this case to Idaho state court. Dkt. 23. On August 20, 2024, Netlist filed an appeal of the Remand Order with the Federal Circuit Court of Appeals.[1] Dkt. 24.

Nearly a week after filing its appeal, Netlist filed the instant Motion pending the Federal Circuit's resolution of Netlist's appeal. Dkt. 26. Netlist's Motion became ripe on

---

[1] A remand order is reviewable on appeal if the case was removed from state court pursuant to 28 U.S.C. § 1442. 28 U.S.C. § 1447(d); *Cabalce v. Thomas E. Blanchard & Assoc., Inc*., 797 F.3d 720, 727 n. 1 (9th Cir. 2015) ("Because this case was removed from state court pursuant to 28 U.S.C. § 1442, we have jurisdiction to review the order remanding the action to state court."). Since Netlist removed this case based in part on 28 U.S.C. § 1442(a)(2), it appealed the Remand Order to the Federal Circuit.Dkt. 26-1, at 8 n.2. Although Micron recognizes Netlist's right to appeal pursuant to 28 U.S.C. § 1447(d), Micron maintains Netlist's appeal can only be heard by the Ninth Circuit since this is not a patent case. Dkt. 30, at 9 n.2. Micron accordingly filed a motion to dismiss the Federal Circuit appeal, or to transfer the appeal to the Ninth Circuit. *Id*. The Federal Circuit directed the parties to instead address jurisdiction in their merits briefs and denied Micron's motion to dismiss. *Micron v. Netlist*, No. 24-2281 (Fed. Cir. filed Aug. 23, 2024), Dkt. 21.

MEMORANDUM DECISION AND ORDER – 2

October 3, 2024. Dkt. 29. Netlist subsequently filed an emergency motion to stay the Remand Order with the Federal Circuit. *Micron v. Netlist*, No. 24-2281 (Fed. Cir. filed Aug. 23, 2024), Dkt. 28. The aforementioned motion became ripe on April 25, 2025, and is currently pending before the Federal Circuit. *Id.*, Dkt. 31.

### III. DISCUSSION

Before it can assess the merits of Netlist's Motion, the Court must first determine whether it has jurisdiction to decide it. The Ninth Circuit has unambiguously held district courts lack jurisdiction to take further action where, as here, a case has been remanded to state court. *Seedman v. U.S. Dist. Court for Cent. of Dist. California*, 837 F.2d 413, 414 (9th Cir. 1988) ("Once a district court certifies a remand order to state court it is divested of jurisdiction and can take no further action on the case."). Netlist argues that because—unlike most remand orders—here the Remand Order is appealable pursuant to 28 U.S.C. § 1447(d), the Court has jurisdiction for the limited purpose of staying the remand. Dkt. 26-1, at 8 (citing *Dalton v. Walgreen Co.*, 2013 WL 2367837, at *1 (E. D. Mo. May 29, 2023). Otherwise, Netlist posits, "'the statutory right to appeal' would be rendered 'hollow.'" *Id.* (quoting *Dalton*, 2013 WL 2367837, at *1). Stated another way, appellate review of a remand order could be considered meaningless if a case is fully litigated in state court while the appeal is pending. Although other courts have so held, the Court rejects this reasoning.

First, 28 U.S.C. §1447(d) authorizes Netlist's appeal from the Remand Order, but the statute says nothing about stays or the district court's jurisdiction to impose one. Congress could have explicitly written § 1447(d) to allow district courts to stay a remand

order during the appeal authorized under the statute but it did not.[2] The Court's "judicial function [is] to apply statutes on the basis of what Congress has written, not what Congress might have written." *Connell v. Lima Corp.*, 988 F.3d 1089, 1108 (9th Cir. 2021) (cleaned up). Further, adopting Netlist's position would give greater weight to a jurisdictional authorization inferred from reading between the lines of § 1447(d) to find text Congress did not include, than to the combined heft of: (1) longstanding circuit precedent limiting a district court's post-remand jurisdiction, and (2) the Court's Remand Order finding it lacked subject matter jurisdiction to decide this case. The Court cannot "cast aside" both binding authority and its own decision. *Hart v. Massanari*, 266 F.3d 1155, 1170 (9th Cir. 2001).

Second, the right to appeal does not imply the district court retains jurisdiction in any case, let alone jurisdiction to stay litigation in state court. Instead, the "filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *Visioneering Constr. & Dev. Co. v. U.S. Fidelity & Guar.*, 661 F.2d 119, 124 n.6 (9th Cir. 1981) ("Once a notice of appeal is filed jurisdiction is vested in the Court of Appeals, and the trial court thereafter has no power to modify its judgment in the case or to proceed further[.]"). Netlist's request for a stay encompasses precisely the aspect of the case

---

[2] Instead, this section states, in full: "An order remanding a case to State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable on appeal or otherwise." 28 U.S.C. §1447(d).

MEMORANDUM DECISION AND ORDER – 4

involved in the appeal—whether this Court's remand to state court was proper. Thus, this Court lacks jurisdiction to address Netlist's Motion. *Buljic v. Tyson Foods, Inc.*, 2021 WL 7185065, at *2 (N.D. Iowa Jan. 28, 2021) (explaining "whether to grant a stay of [a] remand order that is already on appeal . . . is not a collateral or tangential issue over which the [district court] has jurisdiction").

Third, exercising jurisdiction over Netlist's Motion would result in duplication of effort, confusion, and potentially conflicting decisions between this Court, the Idaho state court, and the Federal Circuit. The Court has reviewed the Idaho state court's docket and it appears discovery and pretrial litigation are moving forward. At the same time, Netlist has already filed an emergency motion to stay the Remand Order with the Federal Circuit. *Micron v. Netlist*, No. 24-2281 (Fed. Cir. filed Aug. 23, 2024), Dkt. 28. It would defy both practicality and the mandate of Federal Rule of Civil Procedure 1[3] for this Court to adjudicate Netlist's Motion while the Federal Circuit is already doing so. "The better course is to permit one of the two courts that does have jurisdiction—the state court or the federal circuit court—to consider the motions to stay[.]" *LaCasse v. USANA Health Sciences, Inc.*, 2021 WL 877643, at *2 (E.D. Cal. Mar. 9, 2021).

In short, because this case has been both remanded to Idaho state court and appealed to the Federal Circuit, this Court lacks jurisdiction to take any further action. *Id.*; *Migis v.*

---

[3] Rule 1 requires the Court and the parties to secure the "just, speedy, and inexpensive resolution of every action and proceeding." Fed. R. Civ. P. 1. While Netlist suggests a stay of the Remand Order would permit the Federal Circuit to address the appropriate forum for this dispute before the parties and the state court expend resources unnecessarily, requesting a stay from both this Court and the Federal Circuit had the opposite effect, as the parties were forced to brief the stay issue twice, and both this Court and the Federal Circuit must address Netlist's duplicative stay request.

MEMORANDUM DECISION AND ORDER – 5

*AutoZone, Inc.*, 2009 WL 690627, at *1 (D. Or. Mar. 6, 2009); *Linton v. Axcess Fin. Servs.*, 2023 WL 4604657, at *2 (N.D. Cal. 2023). Netlist's Motion (Dkt. 26) is accordingly denied.

## IV. ORDER

**IT IS HEREBY ORDERED**:

1. Netlist's Motion (Dkt. 26) is **DENIED**.
2. This case remains **closed**.

DATED: May 20, 2025

_____
David C. Nye
Chief U.S. District Court Judge